Argued April 26, affirmed in part, remanded in part May 16, 1977

REEVES, *Respondent,*
*v.*
SIERRA HOMES, *Appellant.*
(No. 36-828, CA 7159)
563 P2d 1242

Roger A. Warren, Beaverton, argued the cause for appellant. On the brief was Philip A. Mongrain, Beaverton.

J. Davis Walker, Forest Grove, argued the cause for respondent. With him on the brief was Bump, Yount & Walker, Forest Grove.

Before Schwab, Chief Judge, and Richardson and Johnson, Judges.

JOHNSON, J.

**JOHNSON, J.**

The employer appeals a circuit court order affirming the orders of both the Workmen's Compensation Board and referee.

The compensation issues raised are factual. We affirm the circuit court and adopt the referee's findings.

The employer also assigns as error the circuit court's award to claimant of $1500 attorney fees as excessive. Claimant's attorney had moved for attorney fees, but did not offer evidence of the reasonable value of his services. Attorney fees were awarded pursuant to ORS 656.382(2), which provides:

> "If a request for hearing, request for review or court appeal is initiated by an employer or the fund, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or fund shall be required to pay to the claimant or his attorney a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal."

The practice under similar statutes allowing "reasonable attorney's fee" has been to require that the party claiming the allowance prove the reasonable value of the services, or that there be a stipulation permitting the court to set the fee. In the absence of such evidence or stipulation fees are not allowed. *Lekas v. Lekas,* 23 Or App 601, 543 P2d 308 (1975), Sup Ct *review denied* (1976). This rule is applicable to this case. The award of attorney fees is reviewable for abuse of discretion. *E.g., Pettit v. Austin Logging Co.,* 9 Or App 347, 497 P2d 207 (1972). Without evidence or a stipulation there is no way we can measure the discretion exercised. We have not squarely ruled on this issue in workmen's compensation cases. Consequently, rather than reversing the order, we remand to the circuit court so that claimant may have an opportunity to present evidence concerning attorney fees.

Affirmed in part; remanded in part.